UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL WAYNE UPCHURCH, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:05-CV-151-RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Michael Wayne Upchurch to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Having carefully reviewed the motion, the Court concludes that the instant action is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal.

**Background**

On September 12, 2000, after movant pleaded guilty to violating 18 U.S.C. § 922(g)(1) (felon in possession of firearm), the District Court sentenced him to 180 months imprisonment and five years of supervised release. Movant did not appeal from the judgment of conviction.

**Motion to Vacate**

Movant seeks relief from his sentence pursuant to § 2255. He argues that his conviction and sentence are invalid under the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738

(2005)(application of federal Sentencing Guideline provisions mandating that district court impose sentence based on findings of additional facts determined by using preponderance of evidence standard violated the Sixth Amendment).

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-

barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. At the latest, movant's one-year limitations period began to run on or about September 23, 2000, which was when his time for filing a notice of appeal expired.[1] The instant motion, however, was filed on September 13, 2005, well after the running of the one-year limitations period.

Movant seems to be arguing that his motion falls under 28 U.S.C. § 2255(3), which provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review." Movant apparently is arguing that the Supreme Court's decision in Booker announced a new rule that is retroactively applicable to cases on collateral review and, therefore, extends the period for the filing of his § 2255 motion.

Movant's argument is without merit. In Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005), the Eighth Circuit Court of Appeals held that the rule announced in Booker does not apply retroactively to cases on collateral review. Furthermore, movant has not asserted any facts indicating that equitable tolling applies in this case. See Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only

---

[1] The Eighth Circuit has not directly addressed when a judgment of conviction becomes final when a movant does not file a notice of appeal.

when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

An appropriate order will accompany this memorandum and order.

Dated this 4th day of October, 2005.

_____
**UNITED STATES DISTRICT JUDGE**